IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RAYMOND DAY and**
**RAYMOND DAY AND SONS**                                                **PLAINTIFF**

VS.                                      NO:4:08CV00175

**FARMERS MUTUAL HAIL**
**INSURANCE COMPANY OF IOWA**                                           **DEFENDANT**

**ORDER**

Pending is Plaintiff's motion to intervene and consolidate cases.  (Docket # 10). Defendant has responded and supplemental briefs have been filed.  This case arises from alleged hail damage to the plaintiff farmer's cotton crop from the several waves of storms comprising a part of the remnants of Hurricane Rita as these storms crossed southeast Arkansas on September 24-25, 2005.  The plaintiff farmer is suing to recover losses to his cotton crop on policies of crop hail insurance sold to him by the defendant insurance agency.  Plaintiff asks that the Court to allow eleven (11) additional farmers to intervene in this case as they also claim damage to their cotton crops from the same storm system.  Additionally, Plaintiff seeks to consolidate this case with two recently filed actions involving related claims: Round Lake Planting Company v. Farmers Mutual Hail Insurance Company, Case No. 4:08CV03813 JLH and Robertson Brothers Farms, et. al. v. Farmers Mutual Hail Insurance Company, Case No. 4:08CV03812 GTE. Defendant objects to the intervention and consolidation and argues that each of the plaintiffs' individual claims involve different contracts, different farmland and each individual claim has

1

unique legal and factual issues.

Based upon a review of the pleadings, the Court finds that this action and Round Lake Planting Company v. Farmers Mutual Hail Insurance Company, Case No. 4:08CV03813 JLH and Robertson Brothers Farms, et. al. v. Farmers Mutual Hail Insurance Company, Case No. 4:08CV03812 GTE. involve common questions of law and fact and are appropriate for consolidation. Consolidation will avoid unnecessary cost and delay and will prevent the possibility of conflicting results. If the Court determines that factual diversity prevents a consolidated trial on all issues, the Court will consider severance prior to trial. Accordingly, the Court finds that these cases should be consolidated and all future pleadings should reflect the style of each case with Case No. 4:08CV0175 as the lead case. Pleadings should only be filed in the lead case. The Court will enter the appropriate transfer order forthwith.

In light of the consolidation of these actions, the Court will remove this case from the trial docket the week of January 26, 2009. An amended scheduling order will be entered forthwith.

Rule 24(b)(1)(B) allows the Court to permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact." The proposed intervenors have claims which share common questions of law and fact with the main action. However, since the intervention is permissive, the claim must be supported by independent jurisdictional grounds. *The Babcock & Wilcox Co. v. Parsons Corp.* 430 F. 2d 531, 540 (8th Cir. 1970). Plaintiff contends that each of the proposed intervenors are citizens of Arkansas and make claims in excess of the minimum requirement for diversity jurisdiction. Defendant challenges Plaintiff's assertion that each intervenor claims damages in excess of the jurisdictional

amount in controversy.  Although a "complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction . . . the complaint will be dismissed if appears to a legal certainty that the claim is really less than the jurisdictional amount. . . . If the amount in controversy is challenged, then the plaintiff must establish jurisdiction by a preponderance of the evidence. *Bourgeois v. Vanderbilt,* 251 F.R.D. 368, 371 (W.D.Ark. 2008) (citations omitted). In response to Defendant's challenge, Plaintiff provided the Court with a copy of a declarations page reflecting insurance in excess of the minimum jurisdictional requirement for proposed intervenor Allan Rands.  Plaintiff has not offered proof of loss for any proposed intervenor. Without some proof as to the loss suffered by each proposed intervenor, the Court cannot find that the plaintiff has established jurisdiction by a preponderance of the evidence.  As such, Plaintiff's motion to intervene is denied without prejudice to renew if additional proof of loss is located.

   IT IS SO ORDERED this 15th day of December, 2008.

                      _____
                      James M. Moody
                      United States District Judge